PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee
## Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 365]

Name of Offender: Anthony Johnson      Case Number: 3:09-00047-03

Name of Judicial Officer: The Honorable John T. Nixon, Senior U. S. District Judge

Date of Original Sentence: June 27, 2012

Original Offense: Ct. 1: 21 U.S.C. § 846, Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, 280 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine.

Original Sentence: 43 months' custody followed by 5 years' supervised release

Type of Supervision: Supervised Release      Date Supervision Commenced: September 14, 2011

Assistant U.S. Attorney: Sunny A.M. Koshy      Defense Attorney: James Kevin Cartwright

## PETITIONING THE COURT

- ■ To issue a Summons.
- ☐ To issue a Warrant.
- ■ To Consider Additional Violation / Information.

**THE COURT ORDERS:**
- ☐ No Action
- ☐ The Issuance of a Warrant:
    - ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
- ■ The Issuance of a Summons.
- ☐ Other

Considered this 7th day of December, 2013, and made a part of the records in the above case.

_____
Honorable John T. Nixon
Senior U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date    December 3, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 365, has been amended as follows:

**Violation No. 4 has been added detailing the offender's positive drug screen on November 19, 2013.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.      Nature of Noncompliance

**1.**            **The defendant shall not commit another federal, state or local crime:**

On June 15, 2013, in Davidson County, Tennessee, Anthony Johnson was cited for Possession or Casual Exchange in violation of 39-17-418, Tennessee Criminal Code.

According to the Affidavit, an officer with the Metropolitan Nashville Police Department (MNPD), was walking the parking lot of Club Miami on Thompson Lane, Nashville, Tennessee, when he observed the offender sitting in his vehicle. The officer walked to the vehicle and the driver's side window was rolled down. The officer immediately smelled the odor of marijuana coming from inside the vehicle. The officer asked Mr. Johnson to step out of the vehicle and he conducted a probable cause search. During the search, the officer found a small marijuana blunt in a Swisher Sweet pack in the center console. The marijuana weighed .5 grams.

On June 26, 2013, this officer spoke with Mr. Johnson about the citation he received on June 15, 2013, for possession or casual exchange. Mr. Johnson reported that his niece had called him to meet her at a club in Nashville to bring her money. He stated his niece and a friend were sitting in his car while he got out. When he returned, the police were in the parking lot checking people and stopped him. They found "something" in his car that belonged to his niece and not him. Mr. Johnson was verbally reprimanded and told the Court would be notified.

**On November 13, 2013, Mr. Johnson appeared in Davidson County General Sessions Court Case Number SCE108233, and entered a plea of guilty. He was sentenced to 11 months' 29 days' custody, suspended, and ordered to pay a fine and costs totaling $910.00.**

**2.**            **The defendant shall not commit another federal, state or local crime:**

On June 25, 2013, Bill Lord, Drug Program Assistant (DPA), took a urine screen from Mr. Johnson. During the urine screen, Mr. Johnson was observed using a plastic device to provide the sample. The bottle had been secreted in Mr. Johnson's pants. When directed to present the bottle to DPA Lord, Mr. Johnson kept moving it about his person. The bottle was finally located in his back pocket and contained a yellowish fluid that tested negative for any illicit drugs. When questioned by DPA Lord and USPO Lisa House, Mr. Johnson admitted to using the device in an attempt to circumvent the collection of his own urine, which he thought to be positive for marijuana. Mr. Johnson was unable to produce his own specimen and a saliva test was negative for any illicit substances.

On June 26, 2013, this officer questioned Mr. Johnson about the incident that occurred the day before involving his attempt to provide a fraudulent urine screen. Mr. Johnson advised that he was afraid he might be positive for marijuana due to his use in May 2013, and decided to use another person's urine.

3. <u>**The defendant shall refrain from any unlawful use of a controlled substance:**</u>

On May 14, 2013, Mr. Johnson submitted a urine sample at the U.S. Probation Office, Clarksville, Tennessee, that tested positive for marijuana. Mr. Johnson denied use of this substance.

When questioned about the urine screen submitted on May 14, 2013, Mr. Johnson denied any use of marijuana. He was re-instructed as to all of his conditions, and specifically instructed not to possess or use illegal substances. Mr. Johnson was advised that any future illegal drug use would most likely result in a request for a summons and a recommendation for revocation.

4. <u>**The defendant shall refrain from any unlawful use of a controlled substance:**</u>

**On November 19, 2013, Mr. Johnson submitted a urine sample at the U.S. Probation Office, Clarksville, Tennessee, that tested positive for marijuana. Mr. Johnson initially denied any use of this substance. However, when this officer questioned him about the positive urine screen on November 20, 2013, he admitted that he had used marijuana prior to his state court hearing that was held on November 13, 2013. He was verbally reprimanded and reminded of the conditions of his release which specifically prohibit him from unlawful use of a controlled substance.**

<u>**Compliance with Supervision Conditions and Prior Interventions**</u>:

Anthony Johnson began his three-year term of supervised release on August 17, 2012. His supervision is scheduled to terminate on August 16, 2017.

A 12A petition was submitted to Your Honor on April 17, 2013, alleging drug and alcohol use, as well as, diluted urine samples. Said petition was signed by Your Honor on May 8, 2013, ordering no action be taken.

On April 17, 2013, Mr. Johnson was referred to Centerstone, Clarksville, Tennessee, to begin substance abuse counseling, and continue in mental health counseling. According to his counselor, he was last seen on November 11, 2013, but continues to have issues with canceling appointments due to work. Mr. Johnson was placed in Phase 9 of the Code-a-Phone program for drug testing at the U.S. Probation Office in Clarksville, Tennessee.

**A 12C petition was submitted to Your Honor on July 23, 2013, alleging a new charge, drug use, and use of fraudulent urine for drug testing. Your Honor signed said petition on July 30, 2013, and a summons was issued. Mr. Johnson was to have appeared on the summons by August 13, 2013; however, it appears he never did so. This officer spoke with Mr. Johnson concerning this, and he indicated he never received the summons. It should be noted that it was during August 2013, that Mr. Johnson's divorce had become final and he was no longer living at the address where the summons was sent, and that had been provided to U.S. Probation.**

## Update of Offender Characteristics:

Anthony Johnson is a resident of Montgomery County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since August 17, 2012. He is employed with Martinrea International Inc., Springfield, Tennessee. He lives with his brother in Clarksville, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence and place of employment.

## U.S. Probation Officer Recommendation:

Because it appears Mr. Johnson never received the first summons, it is respectfully requested that the Court order a summons be issued for Anthony Johnson, to appear before the Court to answer the violations in the original petition, and those in the supplemental petition. The U.S. Attorney's Office is agreeable with this recommendation.

Approved: *[signature]*
Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. ANTHONY JOHNSON, CASE NO. 3:09-00047-03

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 5 years (Class A felony)<br>*18 U.S.C. § 3583(e)(3)* | 5-11 months<br>U.S.S.G.§7B1.4(a) | none |
| **SUPERVISED RELEASE:** | 5 years less any term of imprisonment<br>*18 U.S.C. 3583(h)* | 5 years less any term of imprisonment<br>U.S.S.G.§5D1.2(a)(1) | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release., 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Burton Putman
Supervisory U.S. Probation Officer